## Barber Asphalt Paving Company, Appellant, *v.* Erie.

*Municipalities—Municipal contracts—Paving—Limitation as to right of action.*

A municipality in making a contract for paving streets may limit the time within which actions based on the contract may be brought by the contractor.

Argued April 28, 1902. Appeal, No. 52, Jan. T., 1902, by plaintiff, from order of C. P. Erie Co., Nov. T., 1892, No. 36, refusing to take off compulsory nonsuit in case of Barber Asphalt Paving Company v. City of Erie. Before McCollum C. J., Mitchell, Dean, Fell and Potter, JJ. Affirmed.

Assumpsit on a paving contract. Before Walling, P. J.

The court charged as follows:

In the year 1887, the city of Erie entered into two contracts with the Barber Asphalt Paving Company; one for the construction of a pavement on Sassafras street, from Eighth street to Eighteenth street, and another for the construction of a pavement on Eleventh street, from Peach street, westerly to 120 feet west of Sassafras street.

The evidence tends to show that the Barber Asphalt Company proceeded to construct those pavements pursuant to these contracts. In doing so, they constructed pavements in front of certain property owned, and in use, by the school district of the city of Erie, for school purposes.

It is well settled law in this commonwealth that a school district is not liable to a paving assessment, or to pay for a pavement. It is public property, of such a nature that it cannot be assessed with a tax for a street improvement, but when these

pavements were completed, the city did proceed to levy an assessment against the school district, and these assessments were in compliance with the terms of the contracts assigned to the Barber Asphalt Company, who endeavored, unsuccessfully, to collect the assessments from the school district. The evidence is not definite as to the precise date when this assignment of these assessments was made by the city to the Barber Asphalt Company, but the assessments were made early in the summer of 1887, and were in the possession of the Barber Asphalt Paving Company in September, 1887. At that time the said company presented these assessments to the school board for payment, according to the evidence.

Failing to collect from the school board, the Barber Asphalt Company brings this suit against the city, to collect from the city the amount of these assessments against the school district.

There is a provision in each of these contracts which reads as follows : " It is furthermore hereby expressly provided and mutually agreed that no suit or action against the city of Erie for the recovery of any claim or damage by virtue of this contract, or in any way arising therefrom, shall be sustainable in any court, or before the city engineer, as above provided, unless such suit or action shall be commenced within twelve months next ensuing after such cause of action accrued. And should any suit or action be commenced in any court, or before the engineer, against the city of Erie, after the expiration of said twelve months, the lapse of time shall be deemed conclusive evidence against the validity of such claim or demand, any statute of limitations to the contrary notwithstanding."

According to that clause in the contract, the Barber Asphalt Paving Company, in order to hold the city liable, must bring its action against the city within twelve months after the right of action accrued. The courts have sustained such clauses, calling them contractual limitations.

Parties may, at their option, agree upon a shorter time than six years, and here they did agree, that the suit must be brought within twelve months after the cause of action accrued. The only question is, when did the cause of action accrue ? It seems to me that the cause of action accrued at the time the city transferred these invalid assessments to the Barber Asphalt Paving Company, in 1887.

That being so, and this suit not having been brought until 1892, in my opinion, the plaintiff is barred from recovery against the city, under the express terms of this clause I have read to you.

The cause of action either accrued at the time the invalid assessments were transferred to the plaintiff (the Barber Asphalt Paving Company), or else, it would seem to me, it did not accrue until the final termination of that suit that the Barber Asphalt Paving Company brought against the school district. That suit was not brought until 1892, and was not determined in this county until 1897, or these two suits, one for each pavement.

If that be correct, then the plaintiff is not entitled to recover, because this suit was brought in 1892, five years before the termination of the other—the termination of the action against the school district—so, in either event, the plaintiff is not entitled to recover.

Either the right of action accrued (as I believe it did) at the time the invalid assessments were transferred to the Barber Asphalt Paving Company, or it did not accrue until the final termination of their litigation against the school district, and that was not until five years after this suit was brought.

So, either the plaintiff's right of action was barred several years before this suit was brought, or else it did not accrue until several years after the suit was brought. And in either event the plaintiff is not entitled to recover, for which reason the motion for a compulsory nonsuit is granted.

The court, in this case, assumes the entire responsibility. If we are wrong, it can be corrected, either in this court or in the Supreme Court.

*Error assigned* was order of the court refusing to take off nonsuit.

*Charles P. Hewes*, for appellant.

*William G. Crosby*, for appellee.

PER CURIAM, May 19, 1902:

It was competent for the parties to the contract to limit the time within which actions based on it might be brought. The judgment is affirmed for the reasons stated in the charge.